UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCCURTY,<br><br>   Plaintiff,<br><br> v.<br><br>S. SIORDIA,<br><br>   Defendant. | Case No. 19-cv-05761-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE OF COGNIZABLE CLAIMS** |

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Correctional Training Facility ("CTF"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 stemming from an April 4, 2019 incident at CTF involving Defendant CTF Correctional Officer S. Siordia. The operative complaint in this matter is the amended complaint, alleging "sexual harassment, sexual assault, unnecessary use of force and retaliation." Dkt. 5 at 3-8.[1] Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.* at 8-11.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Allegations in Amended Complaint**

On April 4, 2019, Plaintiff claims that he went into Inmate Price's cell (the unit inmate porter's cell) to retrieve a kitchen hat before Plaintiff reported for his work assignment in the kitchen. Dkt. 5 at 3. Inmate Price checked for an extra kitchen hat in his cell, but he stated he did not have any hats. *Id.* at 3-4. Plaintiff then proceeded down the third tier to go down the stairs to go to work. *Id.* at 4. Defendant locked the third tier release bar and ordered Plaintiff to put his hands on the wall in order for Defendant to conduct an "unauthorized clothed body search."[2] *Id.* Plaintiff complied. *Id.* Plaintiff asked Defendant what the reason for the search was, and Defendant stated, "I just seen you past [sic] drugs." *Id.* Plaintiff responded that he had not passed anything to Inmate Price, and that he was asking the porter for a kitchen hat. *Id.* Defendant then "planted his left elbow into [Plaintiff's] middle back area and then grabbed Plaintiff's right pants leg and beg[a]n aggressively searching Plaintiff." *Id.* As Defendant was "searching up Plaintiff's right leg[,] [Defendant] deliberately passed his fingers across [Plaintiff's] anus area." *Id.* Plaintiff claims he said, "Nigga! That's some gay shit." *Id.* Defendant asked, "Did you just call me gay?" *Id.* Plaintiff stated, "No I just said that was some homosexual shit." *Id.* Defendant then "planted his left elbow into [Plaintiff's] back again and grabbed Plaintiff's left pants leg and completed the

---

[2] Defendant apparently also searched Inmate Price's cell, but Defendant did not find any controlled substances. Dkt. 5 at 4.

1    search." *Id.*  Defendant then put Plaintiff in handcuffs.  *Id.*

2    As Defendant escorted Plaintiff to the holding cell area downstairs, Defendant "beg[a]n

3    twisting the handcuffs on Plaintiff's wrist and pushing Plaintiff forward down the stairs." *Id.* at 5.

4    Defendant also "told [Plaintiff,] 'I heard you like to write up officers—I like to write too.'" *Id.*

5    When they reached the holding cell, Defendant put Plaintiff in the last holding cell and

6    ordered Plaintiff to "strip out." *Id.*  Plaintiff "complied by removing all his clothing and handed

7    the clothing to [Defendant]." *Id.*  Defendant "then ordered Plaintiff to turn around, bend over, pull

8    his buttocks apart, squat and cough twice." *Id.*  Plaintiff complied. *Id.*

9    Plaintiff alleges that each time Defendant forcefully planted his elbow into his back,

10   [Defendant] aggravated [Plaintiff's] existing injuries causing Plaintiff additional pain and

11   suffering." *Id.*  Plaintiff also alleges that Defendant's "actions were in dereliction of his duties and

12   security protocol . . . [and that Defendant] refused to report the incident to his supervisor or co-

13   worker to separate himself from Plaintiff." *Id.*

14   Plaintiff asserts federal claims for violations of his Eighth Amendment and First

15   Amendment rights.

    **C.  Legal Claims**

    **1.  Eighth Amendment Claims**

    **a.  Sexual Harassment**

19   Plaintiff claims that on April 4, 2019, Defendant conducted a clothed body search on him,

20   and during the search Defendant "deliberately passed his fingers across [Plaintiff's] anus area."

21   Dkt. 5 at 4.

22   The conduct alleged by Plaintiff does not rise to the level of an Eighth Amendment

23   violation.  Sexual assault, coercion and harassment certainly may violate contemporary standards

24   of decency and cause physical and psychological harm.  *See Jordan v. Gardner*, 986 F.2d 1521,

25   1525-31 (9th Cir. 1993) (en banc).  However, not every malevolent touch by a prison guard or

26   official gives rise to an Eighth Amendment violation—the Eighth Amendment's prohibition

27   against cruel and unusual punishment necessarily excludes from constitutional recognition *de*

28   *minimis* uses of force.  *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Berryhill v. Schriro,*

3

1   137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g.*, *Jordan*, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus). Here, according to Plaintiff, Defendant "passed his fingers across [Plaintiff's] anus area" once during a clothed body search. Dkt. 5 at 4. Plaintiff has not indicated that there was any more than a *de minimis* injury resulting from the isolated brief incident. Accordingly, Plaintiff's Eighth Amendment claim for sexual harassment against Defendant is DISMISSED for failure to state a claim for relief.

### b. Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

As mentioned, Plaintiff alleges that on April 4, 2019, he was subjected to excessive force by Defendant. Dkt. 1 at 3-8. Specifically, Plaintiff alleges that on the date of the incident Defendant first planted his left elbow into Plaintiff's middle back, and then Defendant planted his right elbow into his back during a clothed body search. *Id.* at 5. Plaintiff adds that Defendant "caused severe injuries to Plaintiff's back, requiring him to wear a back brace, [and to participate in] physical therapy sessions to manage his pain and loss of motion range." *Id.* at 7. Plaintiff claims that "[a]s a direct and foreseeable result of [Defendant's] violation of the Eighth Amendment, Plaintiff has suffered, is suffering and will continue to suffer physical injuries in the form of damage to his back and thoracic spine, [as well as] problems with balance, and other injuries." *Id.*

1	Liberally construed, Plaintiff's amended complaint states a cognizable Eighth Amendment
2	claim against Defendant stemming from the alleged use of excessive force.

### 2. First Amendment Claim - Retaliation

Plaintiff claims his First Amendment rights were violated because Defendant's aforementioned actions, including the use of excessive force, was done in retaliation for filing grievances. Dkt. 5 at 8-9. Plaintiff claims that on January 18, 2019, he filed a 602 inmate appeal, log no. CTF-S-19-00252, in which he "report[ed] staff misconduct and use of unnecessary force against [Plaintiff]." *Id.* at 8. On April 4, 2019, Plaintiff claims that when he was being escorted to the holding cell area, Defendant stated, "I heard you like to write up officers." *Id.* Plaintiff claims that Defendant was "making references to [his] staff complaint appeal above." *Id.*

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under section 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). The prisoner also must allege the defendants' actions caused him some injury. *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

Here, liberally construed, Plaintiff has stated a cognizable retaliation claim against Defendant.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force

5

1  against Defendant. However, Plaintiff's Eighth Amendment claim for sexual harassment against
2  Defendant is DISMISSED for failure to state a claim for relief.

3      2.    Plaintiff states a cognizable First Amendment retaliation claim against Defendant.

4      3.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
5  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended
6  complaint and all attachments thereto (Dkt. 5) and a copy of this Order to **Defendant CTF**
7  **Correctional Officer S. Siordia**. The Clerk shall also mail a copy of the amended complaint and
8  a copy of this Order to State Attorney General's Office in San Francisco. Additionally, the Clerk
9  shall mail a copy of this Order to Plaintiff.

10      4.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires
11  Defendant to cooperate in saving unnecessary costs of service of the summons and amended
12  complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the
13  Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be
14  required to bear the cost of such service unless good cause be shown for the failure to sign and
15  return the waiver form. If service is waived, this action will proceed as if Defendant had been
16  served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will
17  not be required to serve and file an answer before **sixty (60) days** from the date on which the
18  request for waiver was sent. (This allows a longer time to respond than would be required if
19  formal service of summons is necessary.) Defendant is asked to read the statement set forth at the
20  foot of the waiver form that more completely describes the duties of the parties with regard to
21  waiver of service of the summons. If service is waived after the date provided in the Notice but
22  before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the
23  date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form
24  is filed, whichever is later.

25      5.    Defendant shall answer the amended complaint in accordance with the Federal
26  Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this
27  action:

28      a.    No later than **sixty (60) days** from the date their answer is due, Defendant

1 shall file a motion for summary judgment or other dispositive motion. The motion must be
2 supported by adequate factual documentation, must conform in all respects to Federal Rule of
3 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
4 the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice
5 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
6 oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
7 in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss
8 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
9 However, the Court notes that under the new law of the circuit, in the rare event that a failure to
10 exhaust is clear on the face of the amended complaint, Defendant may move for dismissal under
11 Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b)
12 motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315
13 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
14 remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
15 defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on
16 the face of the amended complaint, Defendant must produce evidence proving failure to exhaust in
17 a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light
18 most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment
19 under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the
20 district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
21 1168.

22 If Defendant is of the opinion that this case cannot be resolved by summary judgment,
23 Defendant shall so inform the Court prior to the date the summary judgment motion is due. All
24 papers filed with the Court shall be promptly served on Plaintiff.

25       b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
26 and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

motion is filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide

disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.        The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.        Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

7.        All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.        It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.        Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: April 29, 2020

                                                          YVONNE GONZALEZ ROGERS
                                                          United States District Judge